UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIGUEL MARTINEZ, #653934,

                Petitioner,

                                          CASE NO. 2:12-CV-15306

v.                                     HONORABLE GERALD E. ROSEN

LLOYD RAPELJE,

                Respondent.

_____/

**<u>OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

Michigan prisoner Miguel Martinez ("Petitioner") has filed a pro se petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court convictions and sentence.

In 2007, Petitioner pleaded guilty to seven counts of first-degree criminal sexual conduct, one

count of felon in possession of a firearm, and one count of possession of a firearm during the

commission of a felony in the Saginaw County Circuit Court.  He was sentenced to concurrent

terms of 17 to 50 years imprisonment on the criminal sexual conduct convictions, a concurrent

term of 5 to 7½ years imprisonment on the felon in possession conviction, and two years

imprisonment on the felony firearm conviction, to be served consecutively to the felon in

possession sentence.

In his pleadings, Petitioner raises claims concerning illusory plea, his competency, the

effectiveness of trial and appellate counsel, the conduct of the prosecutor, the validity of his

sentence, cumulative error, and cause and prejudice to excuse procedural default.  Respondent

contends that the petition is untimely under the one-year statute of limitations applicable to

federal habeas actions and that the claims lack merit.  For the reasons set forth, the Court finds

that the habeas petition is untimely and dismisses it.  The Court also denies a certificate of

appealability and denies Petitioner leave to proceed in forma pauperis on appeal.

## I.  Facts and Procedural History

Petitioner's plea convictions arise from his sexual assault of his live-in girlfriend's

daughter on several occasions from 2004-2006 (before and after the girl was 13 years old), as

well as his possession of a rifle while ineligible to possess a weapon.

Following his convictions and sentencing in 2007, Petitioner filed a delayed application

for leave to appeal with the Michigan Court of Appeals asserting that his sentence varied from

the terms of his plea bargain and the trial court failed to provide him with the opportunity to

withdraw his plea.  The court denied leave to appeal "for lack of merit in the grounds presented."

*People v. Martinez*, No. 285786 (Mich. Ct. App. July 15, 2008).  Petitioner filed an application

for leave to appeal with the Michigan Supreme Court raising the same claim, as well as claims

concerning the effectiveness of counsel, court costs and restitution, his sentencing.  The court

denied leave to appeal in a standard order.  *People v. Martinez*, 482 Mich. 1187, 758 N.W.2d

567 (Dec. 30, 2008).

Petitioner filed a motion for relief from judgment, dated September 16, 2011,  with the

state trial court on September 19, 2011, raising the same claims contained in his current habeas

petition.  The trial court denied the motion, citing Michigan Court Rule 6.508(D) and ruling that

the claims lacked merit.  *People v. Martinez*, No. 06-028106-FC-5 (Saginaw Co. Cir. Ct. Nov. 9,

2011).  Petitioner filed an application for leave to appeal with the Michigan Court of Appeals,

which was denied "for failure to meet the burden of establishing entitlement to relief under MCR

2

6.508(D)." *People v. Martinez*, No. 307765 (Mich. Ct. App. June 8, 2012) (unpublished).

Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was

similarly denied. *People v. Martinez*, 493 Mich. 894, 822 N.W.2d 565 (Nov. 20, 2012).

Petitioner dated his federal habeas petition on November 29, 2012. Respondent has filed

an answer to the petition asserting that it should be dismissed because it is untimely under the

one-year statute of limitations applicable to federal habeas actions and, alternatively, because the

claims lack merit. Petitioner has filed a reply to that answer asserting that he was improperly

charged and convicted of felon in possession of a firearm and his claims warrant habeas relief.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28

U.S.C. § 2241 *et seq*., governs the filing date for this action because Petitioner filed his habeas

petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The

AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners

challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of
> > direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by
> > State action in violation of the Constitution or laws of the United States is
> > removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially
> > recognized by the Supreme Court, if the right has been newly recognized
> > by the Supreme Court and made retroactively applicable to cases on
> > collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  A habeas petition filed outside the proscribed time period must be dismissed.  *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied leave to appeal on direct appeal on December 30, 2008. Petitioner's convictions became final 90 days later, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about March 30, 2009. Accordingly, Petitioner was required to file his federal habeas petition by March 30, 2010, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not date his motion for relief from judgment with the state trial court until September 16, 2011 and it was not filed by the court until September 19, 2011.  Thus, the one-year period expired well before he sought state post-conviction or collateral review.  A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no time remaining to be tolled.  *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).  The AEDPA's limitations period is only

4

tolled while a petitioner has a properly filed motion for post-conviction or collateral review under consideration.  28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999).  The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings.  *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that the State created an impediment to the filing of his federal habeas petition or that his claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law.  His petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  The Supreme Court has further explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010).  A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner makes no such showing.  While he alleges that appellate counsel was ineffective as cause to excuse procedural default, he does not assert a defense to Respondent's claim that his petition is untimely.  Moreover, any perceived error by appellate counsel in failing

5

to raise Petitioner's current issues on direct appeal in the state courts does not excuse Petitioner's failure to file his state court motion for relief from judgment, or the present habeas petition, in a timely manner.  Additionally, the fact that Petitioner is untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling.  *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).  Petitioner's contention that his habeas claims have merit also does not justify tolling the limitations period.  *Holloway*, 166 F. Supp. 2d at 1191.  Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations.  *McQuiggin v. Perkins*, _ U.S. _, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005).  As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006).  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence

6

– whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.  Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.  In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner makes no such showing.  His assertions that his habeas claims are meritorious do not establish his actual innocence of the crimes.  Moreover, his guilty plea belies an actual innocence claim.  *See, e.g., Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (noting that a claim of actual innocence is difficult to establish, particularly when a defendant pleads guilty); *Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).  Petitioner fails to establish that he is entitled to equitable tolling of the one-year period.  His habeas petition is therefore untimely and must be dismissed.[1]

### III.  Conclusion

Based upon the foregoing discussion, the Court concludes that the habeas petition is untimely.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional

---

[1]Given this determination, the Court need not address the substantive merits of Petitioner's claims.

7

right." 28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial

showing threshold is met if the petitioner demonstrates that reasonable jurists would find the

court's assessment of the claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85

(2000).  When a court denies relief on procedural grounds without addressing the merits, a

certificate of appealability should issue if it is shown that jurists of reason would find it

debatable whether the petitioner states a valid claim of the denial of a constitutional right, and

that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling.  *Id*.  Having undertaken the requisite review, the Court concludes that jurists

of reason could not find the Court's procedural ruling that the petition is untimely debatable.

Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court finds that an appeal from this decision cannot be taken in good faith.

*See* Fed. R. App. P. 24(a).  Accordingly, the Court **DENIES** Petitioner leave to proceed in forma

pauperis on appeal.

**IT IS SO ORDERED**.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  October 7, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on October 7, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

8